**ZU FA CHEN, Petitioner,**

v.

**IMMIGRATION & NATURALIZATION SERVICES, Respondent.**

**No. 06–5707–ag.**

United States Court of Appeals, Second Circuit.

Feb. 7, 2008.

---

Pro se, Petitioner.

Hannah Baublitz (Gorden Latour, Assistant Director, on the brief), Office of Immigration Litigation, Civil Division, U.S. Department of Justice, for Peter D. Keisler, Assistant Attorney General, Washington, DC, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. RALPH K. WINTER, and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Zu Fa Chen ("Chen") appeals from the December 6, 2006 decision of the Board of Immigration Appeals ("BIA") denying him relief from removal. In November 2004, Chen, a native and citizen of China, was placed in removal proceedings after entering the United States without inspection. In January 2005, Chen filed a defensive application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") based on his claim that the Chinese government forcibly sterilized his wife after the birth of their second child. Chen did not allege that he suffered personally as a consequence of anything done by Chinese authorities.

The Immigration Judge ("IJ") denied Chen relief. He rejected Chen's asylum application as untimely, finding that Chen failed to establish that he filed within one year of entry. The IJ also concluded that, even if the application had been timely, it would have been denied on credibility grounds, which he explicated. The BIA affirmed and Chen appealed to us. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

While Chen's appeal was pending, we decided in *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 300 (2d Cir.2007) (en banc), a decision fatal to his petition. We held that 8 U.S.C. § 1101(a)(42), the statute on which Chen relies, does not apply to a spouse such as him who was not personally subject to coercive birth control measures and who was not personally mistreated as a consequence of opposing the mistreatment of a spouse. We are obligated to apply this intervening precedent. *See, e.g., Gui Yin Liu v. INS*, 508 F.3d 716, 723 (2d Cir.2007) (applying intervening precedent of *Shi Liang Lin* to petitioner's claims). Consequently, we dismiss the petition on other grounds—our determination in *Shi Liang Lin*.

For the foregoing reason, the petition is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.